IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 19 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

AMERICAN ACQUISITION, LLC,
A Delaware Limited Liability Company,

Plaintiff,

vs.

Case No. 08-5263

PIONEER PLASTICS, LLC,
An Arkansas Limited Liability Company,

MARK MARQUESS,

PAUL P. PIPER, JR.,

RANDY MAY,

and

STEVE BURAK

Defendants.

## VERIFIED COMPLAINT

**COMES NOW** American Acquisition, LLC ("Plaintiff"), by and through undersigned counsel, and for its Complaint against Pioneer Plastics, LLC, Mark Marquess, Paul P. Piper, Jr., Randy May, and Steve Burak states as follows:

## JURISDICTION AND VENUE

1. American Acquisition, LLC is a Delaware limited liability company with its principal place of business at 3300 S. Parker Road, 5th Floor, Aurora, CO 80014.

2. American Acquisition, LLC's sole member is Republic Financial Corp., a Colorado corporation with its principal place of business also at 3300 S. Parker Road, 5th Floor, Aurora, CO 80014.

3. Upon information and belief, Pioneer Plastics, LLC is an Arkansas limited liability company whose registered agent, Randy May, may be served at 49 Champions, Rogers, AR 72758.

4. Upon information and belief, Mark Marquess ("Defendant Marquess") is an Arkansas resident whose current address is 2270 E. Farr Lane, Fayetteville, AR 72703.

5. Upon information and belief, Paul P. Piper, JR. ("Defendant Piper") is a Wyoming resident transacting business in the state of Arkansas in connection with the transactions which are set out herein whose current address is 3125 Tucker Ranch Rd, Wilson, WY 83014.

6. Upon information and belief, Randy May ("Defendant May") is an Arkansas resident whose address is 307 St. Andrews, Harrison, AR 72601.

7. Upon information and belief, Steve Burak ("Defendant Burak") is a Texas resident transacting business in the state of Arkansas in connection with the transactions which are set out herein whose address is 6119 Waller Lane, Colleyville, TX 76034.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

9. Venue is proper with this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On or about August, 30, 2007, Pioneer Plastics, LLC, by and through its Members, Mark Marquess, Randy May, and Steve Burak, executed and delivered to ANB Financial N.A., promissory note #49091123 (the "Promissory Note") for the principal amount of $2,200,000.00. A true and accurate copy of the Promissory Note is attached hereto as **Exhibit A**, and incorporated herein by reference.

11. On or about August 30, 2007, Defendant Marquess executed and delivered to ANB Financial, N.A. his personal guaranty (the "Marquess Personal Guaranty") of Pioneer Plastics, LLC's debts, liabilities, and obligations. A true and accurate copy of the Marquess Personal Guaranty is attached hereto as **Exhibit B**, and incorporated herein by reference.

12. By virtue of the Marquess Personal Guaranty, Defendant Marquess is jointly and severally obligated for Pioneer Plastics, LLC's debts and obligations under the Promissory Note.

13. On or about August 30, 2007, Defendant May executed and delivered to ANB Financial, N.A. his personal guaranty (the "May Personal Guaranty") of Pioneer Plastics, LLC's debts, liabilities, and obligations. A true and accurate copy of the May Personal Guaranty is attached hereto as **Exhibit C**, and incorporated herein by reference.

14. By virtue of the May Personal Guaranty, Defendant May is jointly and severally obligated for Pioneer Plastics, LLC's debts and obligations under the Promissory Note.

15. On or about August 30, 2007, Defendant Burak executed and delivered to ANB Financial, N.A. his personal guaranty (the "Burak Personal Guaranty") of Pioneer Plastics, LLC's debts, liabilities, and obligations. A true and accurate copy of the Burak Personal Guaranty is attached hereto as **Exhibit D**, and incorporated herein by reference.

16. By virtue of the Burak Personal Guaranty, Defendant Burak is jointly and severally obligated for Pioneer Plastics, LLC's debts and obligations under the Promissory Note.

17. On or about December 31, 2007, Defendant Marquess and Defendant Piper entered into an Assignment of Membership Interests and Assumption of Obligations

Agreement (the "Assumption Agreement"). A true and accurate copy of the Assumption Agreement is attached hereto as **Exhibit E**, and incorporated herein by reference.

18. By virtue of the Assumption Agreement, Defendant Piper agreed to perform and discharge all of Defendant Marquess' duties and obligations relating to Defendant Marquess' indebtedness to ANB Financial, N.A., including the above referenced Marquess Personal Guaranty.

19. By virtue of the Assumption Agreement, Defendant Piper agreed to indemnify and hold Defendant Marquess harmless for his obligations and liabilities on the Marques Personal Guaranty.

20. In executing the Assumption Agreement, Defendant Marquess and Defendant Piper intended ANB Financial, N.A., and its successors and assigns, to benefit from Defendant Piper's assumption of Defendant Marquess' obligations to ANB Financial, N.A.

21. On or about February 4, 2008, Defendant Piper executed and delivered to ANB Financial, N.A., his personal guaranty (the "Piper Personal Guaranty") of Pioneer Plastics, LLC's debts, liabilities, and obligations. A true and accurate copy of the Personal Guaranty is attached hereto as **Exhibit F**, and incorporated herein by reference.

22. By virtue of the Piper Personal Guaranty, Defendant Piper is jointly and severally obligated for Pioneer Plastics, LLC's debts and obligations under the Promissory Note.

23. Pioneer Plastics, LLC failed to pay the balance due and owing on the Promissory Note on the February 29, 2008, maturity date and, therefore, defaulted thereon.

24. On or about September 22, 2008, the Federal Deposit Insurance Corporation, as receiver for ANB Financial, N.A. sold, assigned, and conveyed all right, title, and interest

in the Promissory Note to Plaintiff. True and accurate copies of the sale and assignment are attached hereto as **Exhibit G** and incorporated herein by reference.

25. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

26. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

27. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and Personal Guaranties.

28. Pursuant to the Promissory Note, Personal Guaranties, and Arkansas Law, Plaintiff is entitled to its attorneys' fees and costs expended herein.

29. Upon default, Plaintiff is entitled to, and Defendants have incurred, interest at the maximum rate allowed by law.

## COUNT I: PIONEER PLASTICS, LLC'S PROMISSORY NOTE

30. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 29 of its Complaint as though the same were set forth herein in *haec verba*.

31. Pioneer Plastics, LLC executed and delivered to ANB Financial, N.A. Promissory Note #49091123 dated August 30, 2007 in the principal amount of $2,200,000.00.

32. Pioneer Plastics, LLC has defaulted on the Promissory Note.

33. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

34. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

35. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Pioneer Plastics, LLC for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

## COUNT II: PERSONAL GUARANTY OF MARK MARQUESS

36. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 35 of its Complaint as though the same were set forth herein in *haec verba*.

37. Defendant Marquess executed and delivered to ANB Financial, N.A. his personal guaranty of Pioneer Plastics, LLC's debts, liabilities, and obligations, including principal and interest due and owing on Promissory Note #49091123 dated August 30, 2007 in the principal amount of $2,200,000.00.

38. Pioneer Plastics, LLC has defaulted on the Promissory Note.

39. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

40. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

41. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and Marquess Personal Guaranty.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Mark Marquess for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

**COUNT III: PERSONAL GUARANTY OF RANDY MAY**

42. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 41 of its Complaint as though the same were set forth herein in *haec verba.*

43. Defendant May executed and delivered to ANB Financial, N.A. his personal guaranty of Pioneer Plastics, LLC's debts, liabilities, and obligations, including principal and interest due and owing on Promissory Note #49091123 dated August 30, 2007 in the principal amount of $2,200,000.00.

44. Pioneer Plastics, LLC has defaulted on the Promissory Note.

45. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

46. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

47. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and May Personal Guaranty.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Randy May for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

## COUNT IV: PERSONAL GUARANTY OF STEVE BURAK

48. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 47 of its Complaint as though the same were set forth herein in *haec verba*.

49. Defendant Burak executed and delivered to ANB Financial, N.A. his personal guaranty of Pioneer Plastics, LLC's debts, liabilities, and obligations, including principal and interest due and owing on Promissory Note #49091123 dated August 30, 2007 in the principal amount of $2,200,000.00.

50. Pioneer Plastics, LLC has defaulted on the Promissory Note.

51. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

52. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

53. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and Burak Personal Guaranty.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Steve Burak for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

## COUNT V: ASSUMPTION AGREEMENT OF PAUL P. PIPER, JR.

54. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 53 of its Complaint as though the same were set forth herein in *haec verba*.

55. By virtue of the Assumption Agreement, Defendant Piper agreed to perform and discharge Defendant Marquess' duties and obligations relating to the Marquess Personal Guaranty to ANB Financial, N.A.

56. In executing the Assumption Agreement, Defendant Marquess and Defendant Piper intended ANB Financial, N.A., and its successors and assigns, to benefit from Defendant Piper's assumption of Defendant Marquess' obligtations to ANB Financial, N.A.

57. Pioneer Plastics, LLC has defaulted on the Promissory Note.

58. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

59. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

60. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and Marquess Personal Guaranty.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Paul P. Piper, Jr. for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

## COUNT VI: PERSONAL GUARANTY OF PAUL P. PIPER JR.

61. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 60 of its Complaint as though the same were set forth herein in *haec verba.*

62. Piper executed and delivered to ANB Financial, N.A. his personal guaranty of Pioneer Plastics, LLC's debts, liabilities, and obligations, including principal and interest due and owing on Promissory Note #49091123 dated August 30, 2007 in the amount of $2,200,000.00.

63. Pioneer Plastics, LLC has defaulted on the Promissory Note.

64. Plaintiff has made demand upon Defendants for payment of the Promissory Note, but said Defendants have failed and refused to pay the same or any part thereof.

65. There remains a balance on the Promissory Note as of October 29, 2008 for the principal sum of $2,162,197.98 and accrued interest in the amount of $104,941.83, which sum is accruing interest at a rate of 10.24% per annum, the highest rate allowable by law.

66. Plaintiff is the owner, holder, and person entitled to enforce the Promissory Note and Piper Personal Guaranty.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Paul P. Piper, Jr. for the sum of $2,267,139.81, for interest accruing from and after October 29, 2008 to the date of judgment at a rate of 10.24% per annum, for reasonable attorney's fees expended, for its costs expended and incurred, and for such other and further relief as the Court deems just and proper.

**HUSCH BLACKWELL SANDERS LLP**

Wade M. Early #2008293
901 E. St. Louis Street, Suite 1900
Springfield, Missouri 65804
Telephone: (417) 268-4000
Facsimile: (417) 268-4040
Email: wade.early@huschblackwell.com
**ATTORNEY FOR PLAINTIFF**

## VERIFICATION

COMES NOW Laura Beil, being duly sworn upon her oath and states:

I, Laura Beil, am an Agent for American Acquisition, LLC, a Delaware Corporation and am authorized to make this verification for and on behalf of American Acquisition LLC. I have read the foregoing verified Complaint, know the contents thereof, and affirm that the statements contained therein are true.

Laura Beil
Agent
American Acquisition, LLC

STATE OF Colorado )
) ss.
COUNTY OF Arapahoe )

Subscribed and sworn to before me, a Notary Public, this 15th day of December, 2008, by Laura Beil, who is personally known to me or who has produced identification and who did take an oath.

Notary Public

THERESA J. GAMBLE
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 11/20/2010

My Commission Expires: 11-20-2010