| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | |
|---|---|---|
| Pioneer Plastics LLC<br>PO Box 1666<br>Bentonville AR 72712 | ANB Financial N.A.<br>P.O. Box 699<br>Bentonville, AR 72712-0000 | Loan Number 49091123<br>Date 08/30/07<br>Maturity Date 02/29/08<br>Loan Amount $ 2,200,000.00<br>Renewal Of |
| "I" includes each borrower above, jointly and severally. | "You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of Two million two hundred thousand & no/100 Dollars $ 2,200,000.00

☐ **Single Advance:** I will receive all of this principal sum on ________. No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On ________ I will receive the amount of $ ________ and future principal advances are contemplated.

**Conditions:** The conditions for future advances are PER BORROWER REQUEST AND LENDER APPROVAL

☒ **Open End Credit:** You and I agree that I may borrow up to the maximum principal sum more than one time. This feature is subject to all other conditions and expires on February 29, 2008.

☐ **Closed End Credit:** You and I agree that I may borrow (subject to all other conditions) up to the maximum principal sum only one time.

**INTEREST:** I agree to pay interest on the outstanding principal balance from 08/30/07 at the rate of 10.00 % per year until the first scheduled rate change - 08/30/07.

☒ **Variable Rate:** This rate may then change as stated below.

☒ **Index Rate:** The future rate will be Equal To the following index rate: Prime Rate as Determined by ANB Financial, NA

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☒ **Frequency and Timing:** The rate on this note may change as often as Daily. A change in the interest rate will take effect On Your Scheduled Rate Change Date If The Index Changes.

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than N/A % or less than N/A %. The rate may not change more than N/A % each N/A.

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

☒ The amount of each scheduled payment will change. ☒ The amount of the final payment will change.

☐ ________

**ACCRUAL METHOD:** Interest will be calculated on a Actual/365 basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

☐ on the same fixed or variable rate basis in effect before maturity (as indicated above).

☒ at a rate equal to 18.00 %

☒ **LATE CHARGE:** If a payment is made more than 10 days after it is due, I agree to pay a late charge of 5.00% of the past due payment amount subject to $100.00 maximum; $25.00 minimum

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount above: SEE DISBURSEMENT AUTHORIZATION

**PAYMENTS:** I agree to pay this note as follows: I AGREE TO PAY A MINIMUM INTEREST CHARGE: $100.00

☒ **Interest:** I agree to pay accrued interest On Demand, But If No Demand Is Made Then: Monthly Beginning - September 30, 2007

☒ **Principal:** I agree to pay the principal On Demand, But If No Demand Is Made Then: At Maturity - February 29, 2008

☐ **Installments:** I agree to pay this note in ________ payments. The first payment will be in the amount of $ ________ and will be due ________. A payment of $ ________ will be due ________ thereafter. The final payment of the entire unpaid balance of principal and interest will be due ________.

**PURPOSE:** The purpose of this loan is OPERATING LINE OF CREDIT

**ADDITIONAL TERMS:**

UPON ANY DEFAULT BY BORROWER(S), BANK AT ITS OPTION, SHALL HAVE THE RIGHT TO INCREASE THE INTEREST RATE OF THIS NOTE TO THE MAXIMUM RATE ALLOWED BY LAW.

BORROWING BASE CERTIFICATE TO BE COMPLETED ON A MONTHLY BASIS BY LOCATION
MONTHLY FINANCIALS AND ANNUAL AUDIT TO BE PROVIDED TO ANB FINANCIAL N.A. ON PIONEER PLASTICS,LLC
ASSIGNMENT OF ANB MONEY MAX ACCOUNT #50022776 WITH MINIMUM QUARTERLY DEPOSITS OF $50,000.00 UNTIL BALANCE OF $200,000.00 IS MET

EXHIBIT A

(page 1 of 3)


Experts ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNS-LAZ-AR 3/7/2002

## SECURITY

**SECURITY INTEREST:** I give you a security interest in all of the Property described below that I own or have sufficient rights in which to transfer a interest, now or in the future, wherever the Property is or will be located, and all proceeds and products of the Property. "Property" includes parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, licens exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account the Property.

☐ **Accounts and Other Rights to Payment:** All rights to payment, whether or not earned by performance, including, but not limited to, payment f property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which I have by law agreement against any account debtor or obligor.

☐ **Inventory:** All inventory held for ultimate sale or lease, or which has been or will be supplied under contracts of service, or which are ra materials, work in process, or materials used or consumed in my business.

☐ **Equipment:** All equipment including, but not limited to, machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery ar equipment, shop equipment, office and record keeping equipment, parts, and tools. The Property includes any equipment described in a list schedule I give to you, but such a list is not necessary to create a valid security interest in all of my equipment.

☐ **Instruments and Chattel Paper:** All instruments, including negotiable instruments and promissory notes and any other writings or records th evidence the right to payment of a monetary obligation, and tangible and electronic chattel paper.

☐ **General Intangibles:** All general intangibles including, but not limited to, tax refunds, patents and applications for patents, copyright trademarks, trade secrets, goodwill, trade names, customer lists, permits and franchises, payment intangibles, computer programs and supporting information provided in connection with a transaction relating to computer programs, and the right to use my name.

☐ **Documents:** All documents of title including, but not limited to, bills of lading, dock warrants and receipts, and warehouse receipts.

☐ **Farm Products and Supplies:** All farm products including, but not limited to, all poultry and livestock and their young, along with their produc products, and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and oth supplies used or produced in my farming operations.

☐ **Government Payments and Programs:** All payments, accounts, general intangibles, and benefits including, but not limited to, payments in kin deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance and diversion payments, productic flexibility contracts, and conservation reserve payments under any preexisting, current, or future federal or state government program.

☐ **Investment Property:** All investment property including, but not limited to, certificated securities, uncertificated securities, securiti entitlements, securities accounts, commodity contracts, commodity accounts, and financial assets.

☐ **Deposit Accounts:** All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

☒ **Specific Property Description:** The Property includes, but is not limited by, the following:

1ST LIEN ON ACCOUNTS RECEIVABLE AND ALL INVENTORY
2ND LIEN ON FURNITURE,FIXTURES, AND EQUIPMENT
ASSIGNMENT OF $2MM LIFE INSURANCE POLICY ON RANDY MAY # 81099459
ASSIGNMENT OF ANB MONEY MAX ACCOUNT #50022776 WITH A MINIMIM OF
QUARTERLY DEPOSITS IN THE AMOUNT OF $50K.

**I am giving you a security interest in property to secure this loan. I understand that I must keep this property insured against loss, expens or damage due to fire, theft, collision or other such risks in the amounts you require. If I fail to do so, you are authorized to purchase insuranc to protect your interest in the property, and may add the cost to the amount I owe you.**

If applicable, enter real estate description and record owner information: ______________________________

______________________________

The Property will be used for a ☐ personal ☒ business ☐ agricultural ☐ ______________________ purpos

Borrower/Owner State of organization/registration (if applicable) ARKANSAS

### ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**GENERALLY** - This agreement secures this note and any other debt I have with you, now or later. However, it will not secure other debts if you fail with respect to such other debts, to make any required disclosure about this security agreement or if you fail to give any required notice of the right of rescission. If property described in this agreement is located in another state, this agreement may also, in some circumstances, be governed by the law of the state in which the Property is located.

**NAME AND LOCATION** - My name indicated on page 1 is my exact legal name. If I am an individual, my address is my principal residence. If I am not an individual, my address is the location of my chief executive offices or sole place of business. If I am an entity organized and registered under state law, my address is located in the state in which I am registered, unless otherwise indicated on page 2. I will provide verification of registration and location upon your request. I will provide you with at least 30 days notice prior to any change in my name, address, or state of organization or registration.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - I represent that I own all of the Property, or to the extent this is a purchase money security interest I will acquire ownership of the Property with the proceeds of the loan. I will defend it against any other claim. Your claim to the Property is ahead of the claims of any other creditor. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will keep books, records and accounts about the Property and my business in general. I will let you examine these records at any reasonable time. I will prepare any report or accounting you request, which deals with the Property.

I will keep the Property in my possession and will keep it in good repair and use it only for the purpose(s) described on page 1 of this agreement. I will not change this specified use without your express written permission. I represent that I am the original owner of the Property and, if I am not, that I have provided you with a list of prior owners of the Property.

I will keep the Property at my address listed on page 1 of this agreement, unless we agree I may keep it at another location. If the Property is to be used in another state, I will give you a list of those states. I will not try to sell the Property unless it is inventory or I receive your written permission to do so. If I sell the Property I will have the payment made payable to the order of you and me.

You may demand immediate payment of the debt(s) if the debtor is not a natural person and without your prior written consent; (1) a beneficial interest in the debtor is sold or transferred, or (2) there is a change in either the identity or number of members of a partnership, or (3) there is a change in ownership of more than 25 percent of the voting stock of a corporation.

I will pay all taxes and charges on the Property as they become due. You have the right of reasonable access in order to inspect the Property. I will immediately inform you of any loss or damage to the Property.

If I fail to perform any of my duties under this security agreement, or any mortgage, deed of trust, lien or other security interest, you may without notice to me perform the duties or cause them to be performe Your right to perform for me shall not create an obligation to perform ar your failure to perform will not preclude you from exercising any of yo other rights under the law or this security agreement.

**PURCHASE MONEY SECURITY INTEREST** - For the sole purpose determining the extent of a purchase money security interest arisi under this security agreement: (a) payments on any nonpurchase mon loan also secured by this agreement will not be deemed to apply to tl Purchase Money Loan, and (b) payments on the Purchase Money Lo will be deemed to apply first to the nonpurchase money portion of tl loan, if any, and then to the purchase money obligations in the ord which the items of collateral were acquired or if acquired at the san time, in the order selected by you. No security interest will be terminat by application of this formula. "Purchase Money Loan" means any lo the proceeds of which, in whole or in part, are used to acquire a collateral securing the loan and all extensions, renewals, consolidatio and refinancing of such loan.

**PAYMENTS BY LENDER** - You are authorized to pay, on my beha charges I am or may become obligated to pay to preserve or protect tl secured property (such as property insurance premiums). You may tre those payments as advances and add them to the unpaid principal und the note secured by this agreement or you may demand immedia payment of the amount advanced.

**INSURANCE** - I agree to buy insurance on the Property against the ris of loss or damage for the amounts you require and to furnish y continuing proof of coverage. I will have the insurance company nan you as loss payee on any such policy. You may require added security you agree that insurance proceeds may be used to repair or replace tl Property. I will buy insurance from a firm licensed to do business in tl state where you are located. The firm will be reasonably acceptable you. The insurance will last until the Property is released from tl agreement.

If I fail to obtain or maintain this insurance, or name you as a lo payee, you may obtain insurance to protect your interest in the Propert This insurance may include coverages not required of me. This insuran may be written by a company other than one I would choose. It may l written at a rate higher than a rate I could obtain if I purchased tl property insurance required by this Contract. You may add the premiu

Any person who signs within this box does so to give you a securit interest in the Property described on this page. This person does no promise to pay the note. "I" as used in this security agreement w include the borrower and any person who signs within this box.

Date ______________

Signed ______________________________

(page 2 of 2)

or this insurance to the amount I owe you. Any amount you pay will be
lue immediately. This amount will earn finance charges from the date
aid.

**VARRANTIES AND REPRESENTATIONS** - If this agreement includes
ccounts, I will not settle any account for less than its full value without
our written permission. I will collect all accounts until you tell me
therwise. I will keep the proceeds from all the accounts and any goods
vhich are returned to me or which I take back in trust for you. I will not
nix them with any other property of mine. I will deliver them to you at
our request. If you ask me to pay you the full price on any returned
tems or items retaken by myself, I will do so. You may exercise my
ights with respect to obligations of any account debtors, or other
ersons obligated on the Property, to pay or perform, and you may
nforce any security interest that secures such obligations.

If this agreement covers inventory, I will not dispose of it except in my
rdinary course of business at the fair market value for the Property, or at
minimum price established between you and me.

If this agreement covers farm products I will provide you, at your
equest, a written list of the buyers, commission merchants or selling
gents to or through whom I may sell my farm products. In addition to
hose parties named on this written list, I authorize you to notify at your
ole discretion any additional parties regarding your security interest in
ny farm products. I remain subject to all applicable penalties for selling
ny farm products in violation of my agreement with you and the Food
Security Act. In this paragraph the terms farm products, buyers,
commission merchants and selling agents have the meanings given to
hem in the Federal Food Security Act of 1985.

If this agreement covers chattel paper or instruments, either as original
collateral or proceeds of the Property, I will note your interest on the face
of the chattel paper or instruments.

**REMEDIES** - I will be in default on this security agreement if I am in
default on any note this agreement secures or if I fail to keep any promise
contained in the terms of this agreement. If I default, you have all of the
ights and remedies provided in the note and under the Uniform
Commercial Code. You may require me to make the secured property
available to you at a place which is reasonably convenient. You may take
possession of the secured property and sell it as provided by law. The
proceeds will be applied first to your expenses and then to the debt. I
agree that 10 days written notice sent to my last known address by first
class mail will be reasonable notice under the Uniform Commercial Code.
My current address is on page 1.

**PERFECTION OF SECURITY INTEREST** - I authorize you to file a financing
statement covering the Property. I will comply with, facilitate, and
otherwise assist you in connection with obtaining possession of or
control over the Property for purposes of perfecting your security interest
under the Uniform Commercial Code.

## ADDITIONAL TERMS OF THE NOTE

**APPLICABLE LAW** - This note and any agreement securing this note will
be governed by the laws of the State of Arkansas and federal law,
including, but not limited to, the maximum interest rate or amount of
interest, discount points, finance charges, or other similar charges
allowed by the provisions of Section 731 of the Gramm-Leach-Bliley
Financial Modernization Act of 1999, which amended section 44 of the
Federal Deposit Insurance Act, being codified at 12 U.S.C.

Any term of this agreement which is contrary to applicable law will
not be effective, unless the law permits you and me to agree to such a
variation. If any provision of this agreement cannot be enforced according
to its terms, this fact will not affect the enforceability of the remainder of
this agreement. No modification of this agreement may be made without
your express written consent. Time is of the essence in this agreement.

**PAYMENTS** - Each payment I make on this note will first reduce the
amount I owe you for charges which are neither interest nor principal.
The remainder of each payment will then reduce accrued unpaid interest,
and then unpaid principal. If you and I agree to a different application of
payments, we will describe our agreement on this note. I may prepay a
part of, or the entire balance of this loan without penalty, unless we
specify to the contrary on this note. Any partial prepayment will not
excuse or reduce any later scheduled payment until this note is paid in full
(unless, when I make the prepayment, you and I agree in writing to the
contrary).

**INTEREST** - If I receive the principal in more than one advance, each
advance will start to earn interest only when I receive the advance. The
interest rate in effect on this note at any given time will apply to the
entire principal sum outstanding at that time. Notwithstanding anything to
the contrary, I do not agree to pay and you do not intend to charge any
rate of interest that is higher than the maximum rate of interest you could
charge under applicable law for the extension of credit that is agreed to in
this note (either before or after maturity). If any notice of interest accrual
is sent and is in error, we mutually agree to correct it, and if you actually
collect more interest than allowed by law and this agreement, you agree
to refund it to me.

**INDEX RATE** - The index will serve only as a device for setting the
interest rate on this note. You do not guarantee by selecting this index, or
the margin, that the interest rate on this note will be the same rate you
charge on any other loans or class of loans you make to me or other
borrowers.

**POST MATURITY RATE** - For purposes of deciding when the "Post
Maturity Rate" (shown on page 1) applies, the term "maturity" means the
date of the last scheduled payment indicated on page 1 of this note or
the date you accelerate payment on the note, whichever is earlier.

**SINGLE ADVANCE LOANS** - If this is a single advance loan, you and I
expect that you will make only one advance of principal. However, you
may add other amounts to the principal if you make any payments
described in the "PAYMENTS BY LENDER" paragraph below.

**MULTIPLE ADVANCE LOANS** - If this is a multiple advance loan, you and
I expect that you will make more than one advance of principal. If this is

a line of credit, repaying a part of the principal will not entitle me to
additional credit.

**SET-OFF** - I agree that you may set off any amount due and payable
under this note against any right I have to receive money from you.
"Right to receive money from you" means:

(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your
possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total
amount of which you are entitled to demand payment under the terms of
this note at the time you set off. This total includes any balance the due
date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who
has not agreed to pay this note, your right of set-off will apply to my
interest in the obligation and to any other amounts I could withdraw on
my sole request or endorsement. Your right of set-off does not apply to
an account or other obligation where my rights are only as a
representative. It also does not apply to any Individual Retirement
Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor
occurs because you set off this debt against any of my accounts. I agree
to hold you harmless from any such claims arising as a result of your
exercise of your right to set-off.

**DEFAULT** - I will be in default if any one or more of the following occur:
(1) I fail to make a payment on time or in the amount due; (2) I fail to
keep the Property insured, if required; (3) I fail to pay, or keep any
promise, on any debt or agreement I have with you; (4) any other creditor
of mine attempts to collect any debt I owe him through court
proceedings; (5) I die, am declared incompetent, make an assignment for
the benefit of creditors, or become insolvent (either because my liabilities
exceed my assets or I am unable to pay my debts as they become due);
(6) I make any written statement or provide any financial information that
is untrue or inaccurate at the time it was provided; (7) I do or fail to do
something which causes you to believe you will have difficulty collecting
the amount I owe you; (8) any collateral securing this note is used in a
manner or for a purpose which threatens confiscation by a legal authority;
(9) I change my name or assume an additional name without first
notifying you before making such a change; (10) I fail to plant, cultivate
and harvest crops in due season; (11) any loan proceeds are used for a
purpose that will contribute to excessive erosion of highly erodible land or
to the conversion of wetlands to produce an agricultural commodity, as
further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES** - If I am in default on this note you have, but are not limited
to, the following remedies:

(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued unpaid charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "SET-OFF" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.
(6) You may make use of any remedy given to you in any agreement securing this note.

By selecting any one or more of these remedies you do not give up
your right to use later any other remedy. By waiving your right to declare
an event to be a default, you do not waive your right to consider later the
event a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES** - I agree to pay all costs
of collection, replevin or any other or similar type of cost if I am in
default. In addition, if you hire an attorney to collect this note, I also
agree to pay any fee you incur with such attorney plus court costs
(except where prohibited by law). To the extent permitted by the United
States Bankruptcy Code, I also agree to pay the reasonable attorney's
fees and costs you incur to collect this debt as awarded by any court
exercising jurisdiction under the Bankruptcy Code.

**WAIVER** - I give up my rights to require you to do certain things. I will not
require you to:

(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest); or
(3) give notice that amounts due have not been paid (notice of dishonor).

**OBLIGATIONS INDEPENDENT** - I understand that I must pay this note
even if someone else has also agreed to pay it (by, for example, signing
this form or a separate guarantee or endorsement). You may sue me
alone, or anyone else who is obligated on this note, or any number of us
together, to collect this note. You may without notice release any party
to this agreement without releasing any other party. If you give up any of
your rights, with or without notice, it will not affect my duty to pay this
note. Any extension of new credit to any of us, or renewal of this note by
all or less than all of us will not release me from my duty to pay it. (Of
course, you are entitled to only one payment in full.) I agree that you may
at your option extend this note or the debt represented by this note, or
any portion of the note or debt, from time to time without limit or notice
and for any term without affecting my liability for payment of the note. I
will not assign my obligation under this agreement without your prior
written approval.

**FINANCIAL INFORMATION** - I agree to provide you, upon request, any
financial statement or information you may deem necessary. I warrant
that the financial statements and information I provide to you are or will
be accurate, correct and complete.

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGES 1 AND 2).** I have received a copy on today's date.

Pioneer Plastics LLC

MARK MARQUESS, MANAGING MEMBER

STEVE T. BURAK, MEMBER

RANDY MAY, MEMBER

SIGNATURE FOR LENDER: Samuel Harris III
EVP/Executive Officer

Experts™ © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UNS-I AZ-AR 3/7/2002

# ALLONGE

This allonge is attached to the following described promissory note:

| | |
|---|---|
| Original Principal Amount: | $2,200,000.00 |
| Dated: | August 30, 2007 |
| Named Payee(s): | ANB Financial N.A. |
| Maker(s): | Pioneer Plastics LLC |

PAY TO THE ORDER OF AMERICAN ACQUISITON, LLC WITHOUT RECOURSE

Dated as of 9/23/08.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ANB FINANCIAL N.A., Bentonville, Arkansas

By: [signature]

Name: Louie Cohen

Title: Attorney-in-Fact