# BILL OF SALE

(Loan Pool Number[s]: , ANB-3-08-200)

For value received and pursuant to the terms and conditions of the Loan Sale Agreement by and between the Federal Deposit Insurance Corporation, as Receiver for ANB Financial, N.A., Bentonville, Arkansas ("Seller"), and **AMERICAN ACQUISITION, LLC** ("Buyer"), dated September 23, 2008 (the "Agreement"), Seller does hereby sell, assign and convey to Buyer, its successors and assigns, all right, title and interest of Seller in and to those assets described in Exhibit "A" attached to this Bill of Sale and made a part hereof for all purposes, which consist of tangible personal property.

**THIS BILL OF SALE IS EXECUTED WITHOUT RECOURSE AND WITHOUT REPRESENTATIONS OR WARRANTIES, WHETHER EXPRESS, IMPLIED OR CREATED BY OPERATION OF LAW, EXCEPT AS PROVIDED IN THE AGREEMENT.**

EXECUTED THIS 22 DAY OF SEPTEMBER, 2008.

**SELLER:**

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ANB FINANCIAL, N.A., Bentonville, Arkansas

By: [signature]
Name: Wade Massey
Title: Attorney-in-Fact

By: [signature]
Name: Hunter Morris
Witness

EXHIBIT

G

## ACKNOWLEDGMENT

STATE OF TEXAS §
§
COUNTY OF DALLAS §

Before me, the undersigned authority, a Notary Public in and for the county and state aforesaid, on this day personally appeared Wade Massey, known to me to be the person whose name is subscribed to the foregoing instrument, as Attorney-in-Fact of the Federal Deposit Insurance Corporation, as Receiver for ANB Financial, N.A., Bentonville, Arkansas, and acknowledged to me that s/he executed the same as the act of the FEDERAL DEPOSIT INSURANCE CORPORATION, for the purposes and consideration therein expressed, and in the capacity(ies) therein stated.

Given under my hand and seal of office on this the 22 day of September, 2008.

Rosario G. Ruiz
Notary Public

[SEAL] ROSARIO G. RUIZ MY COMMISSION EXPIRES December 21, 2010

My Commission expires: 12-21-2010

# EXHIBIT A

ANB-3-08-200

| Pool | Obligor Number | Book Value |
| --- | --- | --- |
| *ANB-3-08-200* | | |
| ANB-3-08-200 | 8019 | 2,162,197.98 |
| | 1 | 2,162,197.98 |

American Acquisition, LLC

By: [signature]

Name: Robert S. Possehl

Title: President

# ASSIGNMENT AND ASSUMPTION OF INTERESTS AND OBLIGATIONS
(Loan Pool Number[s]: ANB-3-08-200)

THIS ASSIGNMENT AND ASSUMPTION OF INTERESTS AND OBLIGATIONS ("Assignment") is made and entered into as of the 23 day of September 2008 by and between the Federal Deposit Insurance Corporation, as Receiver for ANB Financial, N.A., Bentonville, Arkansas ("Assignor"), and American Acquisition, LLC, a Limited Liability Company organized and existing under the laws of Colorado ("Assignee").

Whereas, Assignor and Assignee have entered into that certain Loan Sale Agreement dated September 23, 2008 (the "LSA"), pursuant to which Assignor has agreed to sell, assign, transfer and convey to Assignee all the assets identified on Exhibit "A" attached to this Agreement (the "Assets").

Whereas, pursuant to a Bill of Sale of even date herewith, Assignor has conveyed to Assignee that part of the Assets which consists of tangible personal property.

Whereas, part of the Assets may consist of documents and instruments evidencing loans (including without limitation, promissory notes, loan agreements, shared credit or participation agreements, inter-creditor agreements, letters of credit, reimbursement agreements, drafts, bankers' acceptances, transmission system confirmations of transaction and other evidences of indebtedness, including loan histories, affidavits, general collection information, correspondence and comments pertaining to such obligations), and equipment leases (the "Agreements to Pay").

Whereas, another part of the Assets may consist of documents securing Agreements to Pay, such as mortgages, deeds of trust, security agreements, loan agreements and other documents or instruments of similar nature relating to the Agreements to Pay (the "Collateral Documents").

Whereas, another part of the Assets may consist of real estate, Contracts for Deed to real estate, and leases, tenancies, concessions, licenses and other rights of occupancy or use related to real estate (including any security deposits relating thereto in Assignor's possession) (the "Real Estate Interests").

Whereas, another part of the Assets may be affected by contracts relating to the Assets, such as collection and service agreements (the "Miscellaneous Agreements"). The term "Miscellaneous Agreements" does not include loan servicing agreements between Assignor and independent contractors.

Whereas, under the LSA, Assignor has agreed to assign and convey to Assignee all of Assignor's right, title and interest to the Agreements to Pay, the Collateral Documents, the Real Estate Interests and the Miscellaneous Agreements related to the Assets.

Whereas, Assignee has agreed to accept and assume all of Assignor's duties, obligations and liabilities under the Agreements to Pay, Collateral Documents, Real Estate Interests and Miscellaneous Agreements related to the Assets (the "Obligations").

Whereas, the term "Advances" as used herein means the sum of all unreimbursed amounts advanced by or on behalf of the failed institution(s) which once owned the Assets (i) to protect the notcholder's lien position or the collateral, including payment of ad valorem taxes and hazard and forced placed insurance as permitted by the terms of any loan, or (ii) to meet required scheduled payments. The term "Advances" does not include (A) incremental funding of loan proceeds under an Agreement to Pay, such as in the case of a revolving credit loan or a construction loan, or (B) the payment of appraisal fees, broker opinion fees, attorney fees and associated legal fees, foreclosure fees, trustee fees, property inspection fees, property preservation and operating cost fees, tax penalties, title policies, lien search fees, or any other cost that can be directly associated with the collection and servicing of a loan.

NOW THEREFORE, in consideration of the foregoing and the sum of ten dollars ($10.00), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

1. Assignor's Assignment. Assignor hereby transfers, grants, conveys and assigns to Assignee all of Assignor's right, title and interest in the Agreements to Pay, the Collateral Documents, the Real Estate Interests and the Miscellaneous Agreements.

2. Assignee's Acceptance. Assignee does hereby accept such assignment from Assignor and assumes all Obligations arising from and after the date hereof. The Obligations assumed include, without limitation, any and all obligations to (i) make payments relating to Agreements to Pay serviced by Assignor; (ii) make Advances with respect to Agreements to Pay serviced by Assignor, (iii) reimburse third party servicers for Advances on Agreements to Pay, and (iv) make incremental disbursements of loan proceeds, such as in the case of a revolving credit loan or a construction loan.

3. Assignee's Covenants regarding Securities Law. Assignee hereby represents and warrants to, and covenants with Assignor as follows:

a. Assignee understands that (a) neither the Assets, nor any interest therein or evidence thereof, has been registered or qualified under the Securities Act of 1933, as amended (the "Securities Act"), or the securities laws of any state or any other jurisdiction, and (b) the Assignor is not required, and does not intend, to so register or qualify the Assets.

b. Assignee is a substantial, sophisticated investor having such knowledge and experience in financial and business matters, and in particular in matters relating to the purchase, sale, origination or ownership of notes and loan participations such as the Assets, that it is capable of evaluating the merits and risks of investment in the Assets and understands and is able to bear the economic risks of such an investment (including a total loss of its investment and the risk that Assignee might be required to hold the Assets for an indefinite period of time).

c. Assignee is acquiring the Assets for investment, for its own account, and not for or on account of any other person or entity, and not with a view to or for sale in connection with a distribution within the meaning of Section 5 of the Securities Act.

d. Assignee has been furnished with, and has had an opportunity to review and understands, all information relating to the Assets as has been requested and as is considered necessary by Assignee, and has had all questions arising from or relating to such review answered to the satisfaction of Assignee.

e. Neither Assignee nor anyone acting on its behalf has (i) offered, transferred, pledged, sold or otherwise disposed of any of the Assets (or any interest therein or evidence thereof) or, (ii) solicited any offer to buy or accept a transfer, pledge or other disposition of any of the Assets (or any interest therein or evidence thereof) from, or (iii) otherwise approached or negotiated with respect to any of the Assets (or any other interest therein or evidence thereof) with any person or entity in any manner, or taken any other action that would constitute a distribution under, or render the disposition to Assignee or the disposition by Assignee to any other party of any of the Assets (or any interest therein or evidence thereof) a violation of the Securities Act or of any other securities law or require registration or qualification pursuant thereto, nor will it act, nor has it authorized or will it authorize any person or entity to so act, in any such manner with respect to the Assets (or any interest therein or evidence thereof).

f. Either (i) Assignee is not an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") or a plan within the meaning of Section 4975(e)(l) of the Internal Revenue Code, and Assignee is not, directly or indirectly, purchasing the Assets on behalf of, as investment manager of, as named fiduciary of, as trustee of or with assets of any such plan; or (ii) Assignee's purchase of the Assets (A) will not cause Assignor to be deemed a fiduciary of any such plan, or (B) either will not result in a prohibited transaction under Section 406 of ERISA or Section 4975 of the Internal Revenue Code or will be exempt from the prohibited transaction rules in Section 406 of ERISA and Section 4975 of the Internal Revenue Code.

4. Assignee's Indemnification. Assignee hereby indemnifies and holds harmless and agrees to defend Assignor, the failed bank, and Assignor's agents and employees (the "Indemnified Parties") from and against any and all damages, liabilities, losses, costs, charges, liens, deficiencies and expenses of any nature (including, without limitation, reasonable attorneys' fees and all other actual litigation costs) suffered or incurred by or assessed against the Indemnified Parties from and after the date hereof as a result of (i) Assignee's failure to perform

the assumed Obligations, or (ii) Assignee's failure to pay the assumed liabilities identified in Section 2 above, or (iii) Assignee's breach of any representation, warranty or covenant contained in this Assignment.

5. Beneficiaries of this Assignment. This Assignment shall be binding upon and shall inure to the benefit of Assignor and Assignee and their respective successors and assigns, and the Federal Deposit Insurance Corporation in its corporate capacity shall be a third-party beneficiary with respect hereto.

6. Incorporation of terms of LSA. This Assignment is made, executed and delivered pursuant to the LSA, and is subject to all of the terms, provisions and conditions thereof.

7. Controlling Law. Federal law of the United States shall control this Agreement. To the extent that federal law does not supply a rule of decision, this Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York. Nothing in this Agreement will require any unlawful action or inaction by either party.

8. Counterparts. This Assignment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, each of the parties has caused this Assignment and Assumption of Interests and Obligations to be executed and delivered by its duly authorized officer or agent as of the day and year first written above.

**ASSIGNOR:**

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ANB FINANCIAL, N.A., Bentonville, Arkansas

By: [signature]
Name: Hunter Morris
Witness

By: [signature]
Name: Wade Massey
Title: Attorney-in-Fact

**ASSIGNEE:**

American Acquisition, LLC

By: [signature]
Name: April J. Friedrichsen
Witness

By: [signature]
Name: Robert S. Posselhl
Title: President

## ACKNOWLEDGMENTS

STATE OF TEXAS §
§
COUNTY OF DALLAS §

Before me, the undersigned authority, a Notary Public in and for the county and state aforesaid, on this day personally appeared Gladi Mazzey, known to me to be the person whose name is subscribed to the foregoing instrument, as Attorney-in-Fact of the Federal Deposit Insurance Corporation, as Receiver for ANB Financial, N.A., Bentonville, Arkansas, and acknowledged to me that s/he executed the same as the act of the Federal Deposit Insurance Corporation, for the purposes and consideration therein expressed, and in the capacity(ies) therein stated.

Given under my hand and seal of office on this the 22 day of September 2008.

[SEAL] ROSARIO G. RUIZ MY COMMISSION EXPIRES December 21, 2010

Rosario G. Ruiz
Notary Public
My Commission expires: 12-21-2010

STATE OF Colorado §
§
COUNTY OF Arapahoe §

Before me, the undersigned authority, a Notary Public in and for the county and state aforesaid, on this day personally appeared Robert S. Posseh1, known to me to be the person whose name is subscribed to the foregoing instrument, as President of American Acquisition, LLC, and acknowledged to me that s/he executed the same as the act of American Acquisition, LLC, for the purposes and consideration therein expressed, and in the capacity therein stated.

Given under my hand and seal of office on this the 19th day of September 2008.

[SEAL] APRIL J. FRIEDRICHSEN NOTARY PUBLIC STATE OF COLORADO My Commission Expires 06-18-2010

[signature]
Notary Public
My Commission expires: June 18, 2010